BETTY M. SHUMENER (Bar No. 137220)
bshumener@soollp.com
ROBERT J. ODSON (Bar No. 162506)
rodson@soollp.com
ADAM C. DOUPÉ (Bar No. 274486)
adoupe@soollp.com
**SHUMENER, ODSON & OH LLP**
550 South Hope Street, Suite 1050
Los Angeles, CA  90071-2678
Tel:  213.344.4200
Fax:  213.344.4191

Attorneys for Defendant
LESLIE WESTREICH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GARY LEFKOWITZ,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE WESTREICH, CITI MANHATTAN PARTNERS I, a California Limited Partnership; CITI MANHATTAN PARTNERS II; a California Limited Partnership, CITI MANHATTAN PARTNERS III; a California Limited Partnership; CITI FRONTIERS PARTNERS, a California Limited Partnership; CITI SOUTH, a California Limited Partnership; CITI EQUITY FUND, a California Limited Partnership; CITI USA PARTNERS, a California Limited Partnership; and DOES 1-20,<br><br>Defendants. | Case No.  2:16-cv-05139<br><br>**NOTICE OF REMOVAL OF ACTION** |

SHUMENER,
ODSON & OH LLP

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441, defendant Leslie Westreich ("**Westreich**") hereby removes to this Court the state court action described below.[1]

## THE STATE COURT ACTION

1. On June 10, 2016, a civil action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled <u>Gary Lefkowitz v. Leslie Westreich; Citi Manhattan Partners I, a California Limited Partnership; Citi Manhattan Partners II, a California Limited Partnership; Citi Manhattan Partners III, a California Limited Partnership; Citi Frontiers Partners, a California Limited Partnership; Citi South, a California Limited Partnership; Citi Equity Fund, a California Limited Partnership; Citi USA Partners, a California Limited Partnership; and Does 1-20</u>, as Case Number BC623352 ("**State Court Action**"). A true and correct copy of the Complaint is attached hereto as Exhibit "A" and incorporated by reference herein.

## REMOVAL IS TIMELY AND PROPER

2. The first date upon which Westreich received a copy of the Complaint was on June 13, 2016 when Westreich received a copy of the Complaint and Summons filed in the State Court Action from plaintiff Gary Lefkowitz ("**Plaintiff**"). A true and correct copy of the Summons and all other papers that

---

[1] Defendants Citi Manhattan Partners I, Citi Manhattan Partners II, Citi Manhattan Partners III, Citi Frontiers Partners, Citi South, Citi Equity Fund, and Citi USA Partners (collectively, the "**Limited Partnership Defendants**") have not joined in this Notice of Removal. Joinder in a notice of removal is not required by "nominal" defendants or defendants fraudulently joined solely to prevent removal. <u>Chambers v. HSBC Bank USA, N.A.</u>, 796 F.3d 560, 564-565 (6th Cir. 2015); <u>Farias v. Bexar County Bd. Of Trustees for Mental Health Retardation Srvs</u>, 925 F.2d 866, 871 (5th Cir. 1991). As shown below, the Limited Partnership Defendants were fraudently joined to the State Court Action and are "nominal" defendants since they have no stake in the outcome of the State Court Action.

Westreich received is attached hereto as Exhibit "B." Westreich first learned that he may remove the State Court Action to this Court after he received a copy of the Summons and Complaint.

3. Westreich's removal of the State Court Action is timely. Westreich removed the State Court Action to this Court on July 11, 2016, which is less than thirty (30) days after Westreich received copies of the Summons and Complaint on June 13, 2016. See 28 U.S.C. § 1446(b)(1).

4. Not only is removal timely, but it is also proper. The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which Westreich may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b). As shown below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and, after the Court disregards the citizenship of the Limited Partnership Defendants for the reasons described below, the State Court Action is a civil action between citizens of different states.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

5. Removal is proper because the amount in controversy exceeds $75,000.

6. Among other things, in the Complaint, Plaintiff seeks, among other things, damages in excess of $2,000,000,000 as to each cause of action for (i) breach of contract; (ii) breach of fiduciary duty; (iii) fraud; and (iv) unfair competition. (See Ex. A, Compl., ¶¶ 63-84).

## THE STATE COURT ACTION IS A CIVIL ACTION BETWEEN CITIZENS OF DIFFERENT STATES

7. After the Court disregards the citizenship of the nominal and fraudulently joined Limited Partnership Defendants, removal is also proper because complete diversity of citizenship exists.

SHUMENER,
ODSON & OH LLP

-2-

NOTICE OF REMOVAL OF ACTION

**A. Plaintiff And Westreich Are Citizens Of Different States.**

8. Westreich is not a citizen of the State of California, where the State Court Action is pending. Westreich is a citizen of the State of New York because Westreich's domicile is the State of New York.

9. By contrast, Plaintiff is not a citizen of the State of New York. Plaintiff is a citizen of the State of California because his domicile is the State of California.

10. Accordingly, Plaintiff and Westreich are citizens of different states.

11. The Limited Partnership Defendants are citizens of the State of California because, based upon public records, Plaintiff is listed as their agent for service of process and is the only individual listed as having an affiliation with the Limited Partnership Defendants. However, the Court should disregard the citizenship of the Limited Partnership Defendants for diversity jurisdiction purposes since: (i) Plaintiff fraudulently joined them to the State Court Action in order to avoid removal; and (ii) they are "nominal" defendants since they have no stake in the outcome of the State Court Action.

**B. Plaintiff Fraudulently Joined The Limited Partnership Defendants To Destroy Diversity Jurisdiction And Avoid Removal.**

12. A removing defendant may demonstrate "fraudulent joinder" through a showing of (i) "actual fraud" or (ii) that the plaintiff cannot state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the federal court's diversity jurisdiction. Chandler v. NDeX West, LLC, 571 Fed. Appx. 606, 607-08 (9th Cir. 2014).

13. Here, "actual fraud" exists since Plaintiff is the only individual affiliated with the Limited Partnerships that he is "suing," and Plaintiff has alleged no wrongful conduct on the part of the Limited Partnership Defendants. As such,

SHUMENER,
ODSON & OH LLP

-3-

Plaintiff has effectively sued himself without alleging any wrongful conduct in order to destroy the Court's diversity jurisdiction and avoid removal. The Limited Partnership Defendants' presence in the State Court Action is a sham that should be disregarded.

14. In addition, "[j]oinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Chandler, 571 Fed. Appx. at 607-08. Specifically, in Chandler, the Ninth Circuit affirmed the district court's denial of a motion for remand because the plaintiff had joined a number of defendants without pleading the basic elements of causes of action against those defendants. Id.

15. Where, as here, the underlying complaint alleges no wrongdoing or violations of statutory or contractual duties to the plaintiff on the part of non-diverse defendants, California federal courts have concluded that such defendants were fraudulently joined. Sherman v. Wells Fargo Bank, N.A., No. CIV S-11-0054-KJM-EF, 2011 WL 1833090 (E.D. Cal. May 12, 2011); Moreno v. Wells Fargo, 2011 WL 6372637 (N.D. Cal. Dec. 20, 2011).

16. In the Complaint, Plaintiff's charging allegations do not allege any wrongful conduct or violations of statutory or contractual duties on the part of the Limited Partnership Defendants.

17. For example, Plaintiff alleges "breach of contract," yet alleges that "Lefkowitz and Westreich had a contract," "Lefkowitz and Westreich had an agreement," and "Westreich breached the contract." (Ex. A, Compl., ¶¶ 64-69). Thus, while Plaintiff has sued the Limited Partnership Defendants for "breach of contract," he has failed to allege the existence of any contract between Plaintiff and the Limited Partnership Defendants or any purported breach of any contract between Plaintiff and the Limited Partnership Defendants.

18. While Plaintiff alleges "breach of fiduciary duty," Plaintiff only alleges that "there was a fiduciary duty between Lefkowitz and Westreich" and that

SHUMENER,
ODSON & OH LLP

-4-

NOTICE OF REMOVAL OF ACTION

"Westreich breached that duty."  (Ex. A, Compl., ¶¶ 71-72).  Plaintiff alleges no fiduciary duty or breach thereof on the part of the Limited Partnership Defendants.

19.     Again, although Plaintiff's Complaint alleges "fraud" and "unfair competition," Plaintiff's charging allegations make no mention of "fraud" or "unfair competition" on the part of the Limited Partnership Defendants.  To the contrary, Plaintiff's charging allegations only allege (i) "Westreich's fraud" and (ii) "Westreich's conduct" having purportedly "violated the provisions of California Business and Professions Code section 17200."  (Ex. A., Compl., ¶¶ 76-84).

20.     Having failed to allege the basic elements of causes of action against the Limited Partnership Defendants, Plaintiff plainly joined the Limited Partnership Defendants to the State Court Action in order to destroy the Court's diversity jurisdiction and avoid removal.

## C.     The Limited Partnership Defendants Are Nominal Since They Have No Stake In The Outcome Of The State Court Action.

21.     Where a defendant has no control of, impact on, or stake in a controversy, the Court may disregard the citizenship of the "nominal" defendant for purposes of establishing diversity jurisdiction.  Wood v. Davis, 59 U.S. 467, 469-70 (1855) ("It has been repeatedly decided by this court, that formal parties, or nominal parties, or parties without interest, united with the real parties to the litigation, cannot oust the federal courts of jurisdiction . . . ."); Atchison, T. & S.F. Ry. Co. v. Phillips, 176 F. 663, 666 (9th Cir. 1910) ("The Supreme Court of the United States has decided time and again that, if the jurisdiction of the court is based on the diverse citizenship of the parties, the diversity must exist between the real, substantial parties to the cause, and that the citizenship of nominal parties or parties who have no real interest in the controversy is immaterial.").

22.     As shown above, Plaintiff joined the Limited Partnership Defendants to the State Court Action without alleging any wrongful conduct nor does Plaintiff specifically seek damages against the Limited Partnership Defendants.

SHUMENER,
ODSON & OH LLP

-5-

NOTICE OF REMOVAL OF ACTION

23.     Thus, the Court should disregard the citizenship of the nominal Limited Partnership Defendants.

**D.      The Presence Of Unidentified "Doe Defendants" Has No Bearing On The Court's Diversity Jurisdiction.**

24.     Lastly, the presence of the unidentified Doe Defendants has no bearing on diversity with respect to removal.  "For the purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a); see also Enrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

25.     Accordingly, as shown above, complete diversity of citizenship exists because neither Plaintiff nor Westreich are citizens of the same state, the citizenship of the Limited Partnership Defendants should be disregarded since they were fraudulently joined and are "nominal," and the presence of unidentified Doe Defendants has no bearing on diversity with respect to removal.

///

///

///

SHUMENER,
ODSON & OH LLP

-6-

## CONCLUSION

26. Westreich has timely filed a notice of removal of an action for which this Court has diversity jurisdiction. As such, the State Court Action must be removed to this Court.

27. Westreich will also timely file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles, and will serve a copy of the same on Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

28. In filing this Notice of Removal, Westreich does not waive, and specifically reserves, all defenses, exceptions, rights, and motions. No statement herein or omission herefrom shall be deemed to constitute an admission by Westreich of any of the allegations or damages sought in the Complaint.

Dated: July 13, 2016

SHUMENER, ODSON & OH LLP

By  */s/ Adam C. Doupé*
    BETTY M. SHUMENER
    ROBERT J. ODSON
    ADAM C. DOUPÉ
    Attorneys for Defendant
    LESLIE WESTREICH

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the City of Los Angeles, in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 550 South Hope Street, Suite 1050, Los Angeles, CA 90071.

On July 13, 2016, I served the following document(s):

### NOTICE OF REMOVAL OF ACTION

on the interested parties in this action by delivering a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[X] **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Los Angeles California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY ELECTRONIC MAIL)** As follows: I caused the above-referenced documents(s) to be transmitted by electronic mail to its intended recipient(s) at the e-mail addresses indicated above.

[ ] **(CM/ECF electronic notification)** I am readily familiar with the ECF filing system and caused a true and correct copy thereof to be served electronically via CM/ECF electronic notification

[ ] **(BY PERSONAL SERVICE)** I delivered the foregoing envelope by hand to the offices of the addressee.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of their court at whose direction the service was made.

Executed on July 13, 2016, at Los Angeles, CA.

/s/ *Donna Holland*

SHUMENER, ODSON & OH LLP

-8-

NOTICE OF REMOVAL OF ACTION

**SERVICE LIST**

Donald E. Karpel
Zelner & Karpel
16633 Ventura Blvd., Suite 735
Encino, CA 91436
*Attorneys for Gary Lefkowitz*

CITI-MANHATTAN PARTNERS I, A
CALIFORNIA LIMITED PARTNERSHIP
Gary W. Lefkowitz, Registered Agent
9418 Wilshire Blvd., Ste. 400
Beverly Hills, CA 90212

CITI-MANHATTAN PARTNERS II,
A CALIFORNIA LIMITED
PARTNERSHIP
Gary W. Lefkowitz, Registered Agent
9418 Wilshire Blvd., Ste. 400
Beverly Hills, CA 90212

CITI-MANHATTAN PARTNERS III, A
CALIFORNIA LIMITED PARTNERSHIP
Gary W. Lefkowitz, Registered Agent
6001 Bristol Parkway, 2nd Floor
Culver City, CA 90230

CITI-EQUITY FUND, A
CALIFORNIA LIMITED
PARTNERSHIP
Gary W. Lefkowitz, Registered Agent
9418 Wilshire Blvd., Ste. 400
Beverly Hills, CA 90212

CITI-FRONTIERS, A CALIFORNIA
LIMITED PARTNERSHIP
Gary W. Lefkowitz, Registered Agent
6001 Bristol Parkway, 2nd Floor
Culver City, CA 90230

CITI-SOUTH, A CALIFORNIA
LIMITED PARTNERSHIP
Gary W. Lefkowitz, Registered Agent
6001 Bristol Parkway, 2nd Floor
Culver City, CA 90230

CITI-USA PARTNERS, A CALIFORNIA
LIMITED PARTNERSHIP
Gary W. Lefkowitz, Registered Agent
9418 Wilshire Blvd., Ste. 400
Beverly Hills, CA 90212

SHUMENER,
ODSON & OH LLP

-9-

NOTICE OF REMOVAL OF ACTION